# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2022

Lyle W. Cayce
Clerk

No. 21-40636
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BAKUNDUWUKIZE DESIRE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-36-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Bakunduwukize Desire appeals his conviction for knowingly transporting an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), and (a)(1)(B)(ii). He argues that the evidence was insufficient to support his conviction.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40636

As Desire correctly concedes, because he did not move for a judgment of acquittal, he failed to preserve his sufficiency challenge, and we review for plain error only. *See United States v. Delgado*, 672 F.3d 320, 328-31 (5th Cir. 2012) (en banc). Under that standard, Desire must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). On plain-error review of a sufficiency challenge where, as here, no motion for judgment of acquittal was made, Desire must demonstrate a "manifest miscarriage of justice," *United States v. Ruiz-Hernandez*, 890 F.3d 202, 208 (5th Cir 2018) (internal quotation marks and citation omitted), by showing "the record is *devoid of evidence* pointing to guilt or . . . the evidence is so tenuous that a conviction is shocking," *Delgado*, 672 F.3d at 331 (emphasis in original) (internal quotation marks and citation omitted). If he shows reversible plain error, we have the discretion to correct it, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

To convict Desire, the jury had to find beyond a reasonable doubt that (1) an alien entered or remained in the United States in violation of the law; (2) Desire transported the alien within the United States with the intent to further that unlawful purpose; and (3) Desire knew or recklessly disregarded the fact that the alien was in the United States in violation of the law. *See United States v. Gaspar-Felipe*, 4 F.4th 330, 341 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 903 (2022). Desire challenges only the sufficiency of the evidence to support the mens rea prong.

Based on our viewing of the evidence "in the light most favorable to the [G]overnment, [and] giving the [G]overnment the benefit of all reasonable inferences and credibility choices," *Ruiz-Hernandez*, 890 F.3d at 209 (internal quotation marks and citation omitted), Desire fails to show that

2

No. 21-40636

the record is devoid of evidence of his guilt, *see Delgado*, 672 F.3d at 331. Accordingly, the district court's judgment is AFFIRMED.